J^PETTIGREW, J.
This is an appeal from a judgment dismissing an employee’s claim for workers’ compensation benefits. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
The record reflects that Corbett Dale McDonald had been employed as a printer by defendant, Premier Press & Graphics (“Premier Press”), since June 9, 1998. Mr. McDonald claimed that while at work on April 15, 1999, he assisted a fellow employee in freeing a jammed printing press, and then returned to his duties. Over the following weekend, Mr. McDonald claimed to have “felt something was wrong,” but nevertheless appeared at work on Monday, April 19, 1999. Mr. McDonald testified that he left work at 1:00 o’clock on Monday due to chest pains.
Mr. McDonald testified that he initially sought medical treatment at the emergency room of Lallie Kemp Hospital on April 19, 1999. Claiming that the emergency room was crowded, Mr. McDonald sought treatment from a family practitioner, Dr. Berthelot, and later, Dr. Doty. Mr. McDonald testified that he later telephoned his employer and related that the doctor had diagnosed him as having sustained a muscle strain. Mr. McDonald testified that it was then that he advised his employer of the earlier incident involving the jammed printing press. From April 19, 1999, until June 10, 1999, Mr. McDonald was off of work on orders from his physician.
Mr. McDonald testified that upon learning that his employer had' inadvertently allowed its workers’ compensation insurance coverage to lapse, it was mutually agreed that Mr. McDonald would be “laid off’ for two months, and during this time, Mr. McDonald would collect unemployment. Mr. McDonald testified that he collected unemployment benefits from May 1999, until July 1999. Mr. McDonald now seeks workers’ compensation for the five-week period from April 19, 1999, until he began drawing unemployment.
Mr. McDonald returned to work on June 10, 1999, with light-duty restrictions. On July 22, 1999, Mr. McDonald was given a full release to return to work with no | ¡^restrictions. In January 2000, five and one-half months after returning to work, *885 Mr. McDonald decided he “didn’t want to work there anymore and [he] quit.”
At the close of the plaintiffs case, Premier Press unsuccessfully moved for a directed verdict and then presented its case. Norman Falk, the owner of Premier Press, testified that one day Mr. McDonald walked past his desk and stated only, “Hung with you as long as I could, Norman, and I just can’t go anymore.” Mr. Falk testified that Mr. McDonald then walked out the back door of the business without any further explanation.
Mr. Falk claimed to have no knowledge of Mr. McDonald’s alleged injury, but testified that at some point, Mr. McDonald presented him with an x-ray examination bill that revealed negative findings. This bill was inexplicably paid by Premier Press. Mr. Falk further testified that when Mr. McDonald returned later claiming to have been hurt on the job, Mr. Falk inquired why he had not said anything earlier about his alleged injury.
According to Mr. Falk, Mr. McDonald returned to work after two weeks, and made threats regarding Mr. Falk’s lack of workers’ compensation insurance. Mr. McDonald purportedly continued to work and Mr. Falk signed his unemployment slip making him eligible to receive unemployment benefits. Mr. Falk testified that he agreed to pay Mr. McDonald the difference between his salary and unemployment benefits in cash.
STANDARD OF REVIEW
Factual findings in a workers’ compensation case are subject to the manifest error or clearly wrong standard of appellate review. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 7 (La.7/1/97), 696 So.2d 551, 556. As an appellate court, we cannot set aside the factual findings of the workers’ compensation judge unless we determine that there is no reasonable factual basis for the findings and the findings are clearly wrong (manifestly erroneous). Stobart v. State, Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Furthermore, when factual findings are based on the Ugiven “great deference” by the appellate court. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). Thus, when there is a conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed upon review, although the appellate court may feel its own evaluations and inferences are as reasonable. Id.
DISCUSSION
After listening to the evidence, the workers’ compensation judge stated:
Okay. We’ve got both the Claimant’s case and the Defendant’s defense. And the Claimant testified to an accident and then that he went to the doctor, and he was off three months he says. His coworker says that there was a possible accident when he said there was, but he only remembers him being off a few weeks which is corroborated by his employer and by this — the bookkeeper. And the fact that the Claimant did get unemployment and work at the same time makes his testimony less creditable [sic] than ordinarily it would be.
He does have a statement from Dr. Paul M. Doty that on ... July the 22nd that he was released for return to work full duty, no restrictions. However, from the testimony, he did work and— except for a few weeks. And this document from the insurance company for continuing disability benefits is dated the same day as the statement of Dr. Doty that he could return to work which *886 is not understandable. It makes this document less than creditable [sic]. Therefore, I’m denying the Claimant his claims and finding for the Defendant in this case.
Based upon a complete review of the record, we decline to say that the workers’ compensation judge was clearly wrong in denying Mr. McDonald’s claim for workers’ compensation benefits.
CONCLUSION
For the above and foregoing reasons, the judgment of the workers’ compensation judge is affirmed in all respects. All costs associated with this appeal are assessed against claimant-appellant, Corbett D. McDonald.
AFFIRMED.